STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED
May 7, 2015
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**RONALD RUCKMAN,**
**Claimant Below, Petitioner**

**vs.)    No. 13-0461** (BOR Appeal No. 2047705)
                    (Claim No. 2012006889)


**AMERICAN ELECTRIC POWER COMPANY, INC.,**
**Employer Below, Respondent**


**MEMORANDUM DECISION**

Petitioner Ronald Ruckman, by M. Jane Glauser, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. American Electric Power Company, Inc., by Henry C. Bowen, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated April 5, 2013, in which the Board reversed a September 24, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges reversed the claims administrator's October 21, 2011, decision denying the claim. The Office of Judges held the claim compensable for left knee effusion and internal derangement. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Ruckman worked as a turbine mechanic at an electrical power plant owned by the employer, American Electric Power Company, Inc. Mr. Ruckman allegedly injured himself on August 21, 2011, as he was walking up a series of stairs and his left knee popped and hyperextended. He did not trip or fall. Mr. Ruckman stated that he took a forty five minute break after the injury because of the pain. However, he did complete his shift that day. On August 24, 2011, Mr. Ruckman reported to Wheeling Hospital for an evaluation of his knee. According to

1

the x-rays, there was an old healed fracture of the proximal left tibia with fixation screws and a pin in place. Mr. Ruckman had a fairly severe motorcycle accident in 1992 that required this procedure. Based upon this x-ray and physical examination, C. Clark Milton, D.O., Mr. Ruckman's treating physician, diagnosed him with left knee effusion and internal derangement. He also requested an MRI. The MRI revealed tricompartmental osteoarthritis, particularly on the patellar posterior surface as well as the tibial plateau. Dr. Milton also noted that there appeared to be debris within the joint. Dr. Milton opined that the menisci may also have complex tears, both medially and laterally. Dr. Milton then advised Mr. Ruckman to see an orthopedic physician. Dr. Milton also advised Mr. Ruckman that it was unclear whether his knee problems were work-related or the result of a natural process of degenerative changes. Dr. Milton found that degenerative changes are present to some degree, and noted that the radiologist believed that the meniscal tears apparent on the MRI were secondary to Mr. Ruckman's tricompartmental osteoarthritis. Mr. Ruckman filed a workers' compensation claim on August 29, 2011, which was denied by the claims administrator on October 21, 2011. The claims administrator stated that Mr. Ruckman failed to prove his injury was received in the course of and as a result of his employment. Mr. Ruckman protested. On November 22, 2011, Mr. Ruckman reported to Paul Schwiger, M.D., an orthopedist at Center for Orthopedics at Wheeling Hospital, for evaluation. Dr. Schwiger's assessment was degenerative joint disease of the left knee. He noted that Mr. Ruckman had functioned well for nineteen years, but Dr. Schwiger felt that he was approaching the end-game-limit and the ultimate option was going to be a knee replacement. Arthroscopic debridement would not be of much benefit. On December 7, 2011, notes from Elijah Hothem, M.D., of the Center for Orthopedics at Wheeling Hospital, the same office as Dr. Schwiger, were made available. Dr. Hothem stated that Mr. Ruckman had slipped and hyperextended his knee on the date of injury. The assessment was degenerative joint disease of the left knee.

The Office of Judges examined Mr. Ruckman's deposition as well as the medical records from Dr. Milton's office and determined that he suffered an injury in the course of and as a result of his employment with American Electric Power Company. The Office of Judges noted that the Mr. Ruckman stated that he was walking up a series of stairs made of metal grating when at the top step his left foot heel caught the last stair and twisted, which precipitated the hyperextension of his knee. The Office of Judges determined that the act of walking on metal grating was not normally done in the course of everyday life. The Office of Judges also indicated that the symptoms he suffered from this incident could not be attributed to his 1992 motorcycle accident, because his knee was asymptomatic until the August 21, 2011, injury. Accordingly the Office of Judges reversed the claims administrator's decision to reject the claim. American Electric Power Company protested this decision.

The Board of Review agreed that the injury occurred in the course of Mr. Ruckman's employment, but it found that the injury was not a result of his employment. The Board of Review noted that simply because something happens while Mr. Ruckman is at work does not mean it was the result of the employment. It further noted the preponderance of the evidence establishes that Mr. Ruckman was just walking up steps and his knee extended further than it should. The Board of Review noted that both Drs. Schwiger and Hothem diagnosed tricompartmental osteoarthritis and degenerative changes in Mr. Ruckman's left knee. It further noted that neither physician diagnosed him with left knee effusion or internal derangement. The

Board of Review also found that Dr. Milton's report showed clear evidence of degenerative changes. The Board of Review concluded that Mr. Ruckman failed to demonstrate that his injury was a result of his employment.

We agree with the conclusion of the Board of Review. Mr. Ruckman has not demonstrated that he suffered an injury in the course of and resulting from his employment as required by West Virginia Code § 23-4-1(a) (2008). It is undisputed that the injury occurred in the course of Mr. Ruckman's employment with American Electric Power Company. However, the record establishes that Mr. Ruckman was simply walking up a flight of stairs to go back to work when his knee extended further than it should. This injury could have happened in any non-occupational setting. Dr. Milton is the only physician who opines that Mr. Ruckman's injury was related to his employment. However, Dr. Milton admitted in his report that he could not be certain that the claim would be compensable. Dr. Milton also referenced the radiology report attached to Mr. Ruckman's MRI that concluded his meniscal tears were the result of his degenerative joint disease. There is no report that conclusively opines that Mr. Ruckman's injuries were a result of his work. Mr. Ruckman has failed to meet his burden of proving his injury was the result of his employment.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  May 7, 2015**

**CONCURRED IN BY:**
Chief Justice Margaret L. Workman
Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISSENTING:**
Justice Menis E. Ketchum

3